**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **FRANKIE WAYNE POPE,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 4:22-cv-00174-CDL-MSH** |
| **STATE OF GEORGIA,** *et al.*, | : | |
| | : | |
| **Respondents.** | : | |
| _____ | : | |

## ORDER OF DISMISSAL

Petitioner Frankie Wayne Pope, a prisoner in Hays State Prison in Trion, Georgia, has filed an action on a civil rights complaint form for a complaint under 42 U.S.C. § 1983.  Compl., ECF No. 1.  In the complaint, Petitioner appears to be seeking a writ of mandamus compelling Respondents Lowndes County Superior Court Clerk Beth C. Greene and the State of Georgia to provide Petitioner with certain transcripts and other documentation from past court cases.  *See generally id.*  Petitioner has also filed a motion to proceed in this action *in forma pauperis*.  Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.

Upon review of these documents, the Court finds that Petitioner may not proceed *in forma pauperis* because more than three of his prior federal lawsuits were dismissed on grounds that count as "strikes" under 28 U.S.C. § 1915(g), and Petitioner has not alleged that he is in imminent danger of serious physical injury.  Accordingly, Petitioner's motion to proceed *in forma pauperis* is now **DENIED**, and his complaint is **DISMISSED WITHOUT PREJUDICE**, as set forth below.

Federal law bars a prisoner from bringing a "civil action" in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Petitioner has filed various federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim. *See, e.g., Pope v. Ella*, Case No. 4:21-cv-00079 (N.D. Ga. Dec. 8, 2021) (dismissing for failure to state a claim), ECF No. 9; *Pope v. Allen*, Case No. 2:17-cv-00072 (S.D. Ga. Oct. 23, 2017) (dismissing for abuse of the judicial process), ECF No. 12; *Pope v. Crickmar*, Case No. 4:15-cv-00142-CDL-MSH (M.D. Ga. Sept. 22, 2015) (dismissing for failure to state a claim), ECF No. 6. Petitioner is accordingly barred from prosecuting this action *in forma pauperis*

unless he is in imminent danger of serious physical injury.   28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient.   *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice.   *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).   The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'"   *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Petitioner's complaint relates to documents from previous court cases that he is attempting to obtain and submit into evidence in a separate action.   Nothing in his allegations suggests that Petitioner is in imminent danger of serious physical injury. Accordingly, Petitioner's motion to proceed in this action *in forma pauperis* is **DENIED**, and Petitioner's complaint is **DISMISSED WITHOUT PREJUDICE**.[1]

Alternatively, even if Petitioner could proceed *in forma pauperis*, his action

---

[1]In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.   Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Petitioner to refile upon payment of the full $402.00 filing fee.

would be dismissed for failure to state a claim.   In this regard, to the extent that the

complaint may be read as being brought under 42 U.S.C. § 1983, the State of Georgia

is not a proper defendant to this action because the Eleventh Amendment bars suits

directly against a state or its agencies.   *See Stevens v. Gay*, 864 F.2d 113, 115 (11th

Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)).   This bar applies

"regardless of whether the plaintiff seeks money damages or prospective injunctive

relief."   *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

(1984)).

Moreover, Plaintiff has not alleged any facts to show that the other named

respondent, Court Clerk Beth Greene, has acted to violate his constitutional rights in

any way.   "[S]ection 1983 requires proof of an affirmative causal connection between

the actions taken by a particular person under color of state law and the constitutional

deprivation."   *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal

quotation marks and citations omitted).   Thus, Plaintiff's complaint does not state a

claim for relief.

Finally, if the Court were to read this as a motion for a writ of mandamus

directing Respondent Greene to submit documents in Petitioner's other case or to

provide those documents to Plaintiff, relief still would not be appropriate.   This is so

because federal courts have no jurisdiction to issue writs compelling action by state

officials in the performance of their duties.   *See Moye v. Clerk, DeKalb Cnty. Sup. Ct.*,

474 F.2d 1275, 1276 (5th Cir. 1973).   This Court thus has no mandamus jurisdiction

to compel either the State of Georgia or Respondent Greene to perform the actions

Petitioner requests.   *See e.g., Garland v. Florida Dept. of Law Enforcement*, No. 8:09–

cv–1208, 2009 WL 1918975, at * 2 (M.D. Fla. July 2, 2009) (district court does not

have jurisdiction to issue a writ of mandamus directing the Florida Department of Law

Enforcement to investigate Plaintiff's claims or to release him from prison).

Thus, for the reasons discussed above, Petitioner's motion to proceed *in forma*

*pauperis* is **DENIED**, and Petitioner's complaint is **DISMISSED WITHOUT**

**PREJUDICE**.

**SO ORDERED**, this 4th day of January, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA